**DAVID J. HOLDSWORTH (4052)**
Attorney for Plaintiff
9125 South Monroe Plaza Way, Suite C
Sandy, UT 84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| ALFRED LOUIS, JR., MARTINEZ, | : | **COMPLAINT** |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRIPLE S STEEL SUPPLY CO. a.k.a. | : | |
| INTSEL STEEL WEST, LLC, | : | Civil No. |
| | : | |
| Defendant. | : | Honorable: |

COMES NOW the Plaintiff, Alfred Louis, Jr., Martinez, complains of Defendant Triple S Steel Supply Co. a.k.a. Intsel Steel West, LLC, demands trial by jury of all claims triable by a jury, and as and for causes of action alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for discrimination in employment and for retaliation. Jurisdiction is also conferred by the Age Discrimination in Employment Act ("ADEA"), and by the Americans with Disabilities Act ("ADA"), as amended. Jurisdiction is also based on

28 U.S.C. §§ 1331, 1332 and 42 U.S.C. § 1981, et. seq. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000 e (5). Equitable and other relief are also sought under 42 U.S.C. § 2000 e (5) (g).

2. Venue is proper in this Court in that the Plaintiff "resides" in the federal district of Utah, Triple S Steel Supply Co. has a major place of business in the federal district of Utah, and does business in the federal district of Utah and the actions and inactions providing the bases for the causes of action alleged herein occurred in the federal district of Utah.

## PARTIES

3. Alfred Louis, Jr., Martinez (hereinafter "Mr. Martinez" or "Plaintiff") is a citizen of the United States and a resident of the State of Utah.

4. Triple S Steel Co. a.k.a. Intsel Steel Co. LLC (hereinafter "Triple S") is an employer within the meaning of and is subject to the non-discrimination in employment laws mentioned above.

## STATEMENT OF FACTS

## BACKGROUND ALLEGATIONS

5. On December 15, 2005, Plaintiff was hired by Triple S.

6. At the time of the events giving rise to the Complaint, Plaintiff worked as an operator of a steel cutting machine (the "arbor" machine).

7. Plaintiff is Hispanic and of Mexican national origin.

8. Plaintiff is over the age of 40.

9. Plaintiff is a veteran and has disabilities. Plaintiff suffers from degenerative joint disease and arthritis in his knees. Plaintiff also suffers from post-traumatic stress disorder as a result of his military service for the U.S. Army in Kosovo in 1998 and 1999. Plaintiff alleges his employer was aware of these disabilities.

10. Plaintiff alleges Triple S subjected him to discrimination on the basis of his race and national origin, his age and his disability.

11. Plaintiff alleges that his employer has treated him less favorably than Caucasian coworkers with respect to discipline and the termination of his employment.

12. Plaintiff alleges that his employer has treated him less favorably than younger coworkers with respect to discipline and the termination of his employment.

13. Plaintiff alleges that his employer treated him less favorably than coworkers who did not have disabilities with respect to discipline and the termination of his employment.

14. In November 2010, Plaintiff was in a motor vehicle accident. Due to his injuries, Plaintiff requested an accommodation in the form of light duty. He also

requested permission to park his vehicle closer to the company's shop because of his knee condition.

15. Defendant denied his requests for reasonable accommodation.

16. Plaintiff alleges that when he returned to work (after the motor vehicle accident), he spoke with his supervisor and requested a reasonable accommodation in the form of being able to park closer to the shop.

17. Plaintiff alleges his supervisor denied his request, but allowed him some flexibility in his parking as long as Defendant's upper level managers did not notice where Plaintiff was parking.

18. On or about May 9, 2011, a colleague (Jeff Peterson) became angry with Plaintiff, started an argument with Plaintiff and physically assaulted Plaintiff.

19. Plaintiff alleges that due to his disability, when Peterson assaulted him, he acted in self defense and defended himself during the assault.

20. Thereafter, Triple S placed Plaintiff on paid administrative leave and, then, on May 27, 2011, Triple S terminated his employment. Plaintiff alleges that in terminating his employment, Triple S did not take into account how his disability had affected how he responded to Jeff Peterson's assault on him. He was told by Ray

Woodard that the company was terminating his employment because "he was too violent."

21. Plaintiff alleges that at the same time the company terminated his employment, the company also terminated the employment of the other coworker (Jeff Peterson) who had started the altercation. Yet, on information and belief, Plaintiff alleges that several months after terminating Mr. Peterson's employment, the company rehired Mr. Peterson. The company did not consider rehiring Mr. Martinez and, on information and belief, Plaintiff alleges the company has deemed him non-rehirable.

22. In approximately May 2012, Plaintiff came into possession of information that the company had rehired Mr. Peterson.

23. On information and belief, Plaintiff alleges that on or about May 2, 2012, the company had a managers meeting. During the managers meeting, the managers introduced Jeff Peterson and welcomed him back to employment with the company. Ben _____, the maintenance manager, asked Al Martinez (Plaintiff's father, who also worked at the plant), "What about Martinez (referring to Plaintiff)?" Kevin Dempsey, the manager of operations, responded, "We don't care about Martinez, we have our own lawyers." Jeff Peterson is Caucasian. As far as Plaintiff is aware, Jeff Peterson does not have a disability. Plaintiff is Hispanic. Plaintiff has a disability. On information and belief, Plaintiff alleges the company has hired Jeff

Peterson back in the exact same position with the same pay. The company has not offered to rehire Plaintiff back and has deemed Plaintiff to be non-rehirable.

24. Thus, Plaintiff alleges that Triple S has subjected him to discrimination on the basis of his race and national origin, his age and his disability because the company has not disciplined or terminated other Caucasian, younger, non-disabled coworkers who have been involved in altercations or have engaged in similar activities and has rehired Mr. Peterson, but has not offered to rehire Plaintiff and has deemed Plaintiff non-rehirable.

25. On information and belief, Plaintiff also alleges Triple S has informed other potential employees of Plaintiff that he is non-rehirable.

26. Plaintiff alleges the actions and inactions of Triple S are in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, and the Americans with Disabilities Act of 1990, as amended.

27. Upon discovering the unequal treatment in the form of Triple S rehiring Mr. Peterson and deeming Plaintiff non-rehirable, Mr. Martinez filed an Intake Questionnaire with the Utah Antidiscrimination and Labor Division of the Utah Labor Commission.

28. The UALD eventually processed Mr. Martinez' Intake Questionnaire and prepared a Charge of Discrimination. On January 31, 2013, the UALD filed a Charge of Discrimination on behalf of Mr. Martinez.

29. On March 4, 2013, the UALD waived said Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC") for processing.

30. On or about April 30, 2013, the EEOC issued a Dismissal and a Notice of Right to Sue to Mr. Martinez. Mr. Martinez has exhausted his administrative remedies.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION ON THE BASIS OF RACE AND NATIONAL ORIGIN**

31. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 30 above as if alleged in full herein.

32. To establish a prima facie case of discrimination based on race, and national origin, Plaintiff must establish that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) Defendant subjected him to an adverse employment action; and (4) the circumstances surrounding the adverse action give rise to an inference of discrimination on the basis of race and/or national origin.

33. Plaintiff is Hispanic, of Mexican national origin, and is a member of a protected class.

34. Plaintiff had worked for Defendant since 2005 and was qualified for the position at issue.

35. Defendant subjected Mr. Martinez to several adverse employment actions.

36. An adverse employment action is defined as a tangible or materially adverse employment action that may "consist of a suspension, failure to promote, a demotion evidenced by a decrease in salary or responsibility, denial of a raise, a material loss of benefits, a relocation which interferes with job performance, retaliatory harassment, or other actions which materially and adversely affect an employee's working condition." *See* Sanchez v. Denver Public Schools, 164 F.3d 527 (10th Cir. 1998).

37. Plaintiff alleges that Triple S subjected him to adverse employment actions throughout his employment, including denials of requests for reasonable accommodations, improper disciplinary actions and the eventual termination of his employment.

38. The final element of a prima facie case of discrimination based on race and national origin requires Plaintiff to show that the circumstances surrounding the adverse action(s) give rise to an inference of discrimination on the basis of race and/or national origin. One way to establish that inference is by submitting evidence

of disparate treatment of similarly situated individuals. (International Union, et at v. Johnson Controls, Inc., 499 U.S. 187 (1991)). Mr. Martinez alleges that Triple S did not treat or harass similarly situated Caucasian employees the same way.

39. However, as the Tenth Circuit Court of Appeals reasoned in Kendrick v. Penske Transp. Services, Inc., 220 F.3d 1220 (10th Cir. 2004), it is not always applicable or necessary to show that the employer treated different employees differently. Another way to establish the inference is by submitting evidence that the protected trait actually motivated the employer's decision (Phillips v. Martin Marietta Corp., 400 U.S. 542 (1971)). With respect to the events of May 2011, Mr. Martinez alleges he did not violate any company policy and acted well within his rights.

40. Defendant terminated Mr. Martinez's employment under circumstances giving rise to an inference of discrimination on the basis of his race and/or national origin.

41. In terminating Plaintiff's employment, Defendant was not acting consistent with its established policies and procedures and was motivated by Plaintiff's race and/or national origin. As to other employees who violated company policies, Triple S did not treat them equally.

42. Defendant has rehired Mr. Peterson, but has deemed Mr. Martinez non-rehirable.

43. These facts, taken as a whole, support an inference of discrimination on the basis of race and national origin.

44. Mr. Martinez alleges that by engaging in such actions and inactions, Triple S discriminated against him on the basis of race and national origin, and by so doing, has violated Title VII of the Civil Rights Act of 1964, as amended.

45. Defendant's actions have caused Mr. Martinez loss, injury and other damages.

**SECOND CAUSE OF ACTION**
**DISCRIMINATION ON THE BASIS OF AGE**

46. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 45 above as if alleged in full herein.

47. In order to establish a prima facie case of discrimination based on age, Mr. Martinez must establish that: (1) he is a member of a protected class; and (2) Defendant treated him disparately/differently than how it treated similarly situated employees who were younger.

48. Mr. Martinez is over the age of 40 and a member of a protected class under the ADEA.

49. Triple S treated Mr. Martinez disparately and differently compared to how it treated employees who were similarly situated who were younger.

50. Triple S treated Mr. Martinez disparately and differently compared to how it treated employees who were similarly situated because of his age.

51. The facts, taken as a whole, support an inference of discrimination on the basis of age.

52. Mr. Martinez alleges that by engaging in such actions and inactions, Triple S discriminated against him on the basis of age and, by so doing, has violated the Age Discrimination in Employment Act.

53. Defendant's actions have caused Mr. Martinez loss, injury and other damages.

**THIRD CAUSE OF ACTION**
**DISCRIMINATION ON THE BASIS OF DISABILITY**

54. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 53 above as if alleged in full herein.

55. In order to establish a prima facie case of discrimination based on disability, Plaintiff must establish that: (1) he is a member of a protected class; (2) he was a qualified individual with a disability; (3) he requested one or more reasonable accommodations; and (4) Triple S failed or refused to afford him one or more reasonable accommodations and treated him adversely because of his disabilities.

56. Mr. Martinez is a person with a disability in that he has one or more impairments which substantially limit one or more of his major life activities.

57. Mr. Martinez is a qualified individual with a disability in that he could perform the essential functions of the job he held or desired, with or without a reasonable accommodation.

58. During his employment with Triple S, Mr. Martinez requested various reasonable accommodations.

59. During Mr. Martinez's employment with Triple S, Triple S failed to afford Mr. Martinez one or more reasonable accommodations and then disciplined him and terminated his employment because of his disability.

60. Mr. Martinez alleges that by engaging in such actions and inactions, Triple S discriminated against him on the basis of disability and by so doing, has violated the ADA.

61. Defendant's actions have caused Mr. Martinez loss, injury and other damages.

## RELIEF REQUESTED

WHEREFORE, based on the above allegations, claims and damages, Plaintiff requests the following relief, specifically an Order and Judgment, mandating Defendants to provide the following relief:

1. Compensating Mr. Martinez for all lost wages and benefits, plus interest, since at least May 2012. Such lost wages and benefits should continue to accrue until Triple S reinstates Mr. Martinez;

2. In the alternative, compensating Mr. Martinez for all lost wages and benefits, plus interest, since approximately May 2012, for a period of approximately five years;

3. Implementing or monitoring existing policies to prevent any future occurrence of discriminatory activity;

4. Expunging Mr. Martinez's personnel file of any and all documentation pertaining to his Charge of employment discrimination. A separate file may be kept for legal purposes only;

5. Agreeing to not retaliate against Mr. Martinez for having exercised his rights;

6. Awarding Mr. Martinez his reasonable attorney's fees and costs.

DATED this 26th day of July, 2013.

    /s/ David J. Holdsworth
David J. Holdsworth
*Attorney for Plaintiff*

## VERIFICATION

    Alfred Louis, Jr., Martinez, being first duly sworn, upon his oath, deposes and says that he is the Plaintiff in the above-entitled action, that he has read the foregoing COMPLAINT and understands the contents thereof, and the allegations made therein are true of his own knowledge, except as to those matters alleged on information and belief which he believes to be true.

                   /s/ Alfred Louis, Jr., Martinez
                   Alfred Louis, Jr., Martinez

    SUBSCRIBED AND SWORN to before me, a Notary Public, this ____ day of July, 2013.

                   _____
                   NOTARY PUBLIC

MY COMMISSION EXPIRES:  RESIDING AT: _____

                   _____